## Addison H. Gibson, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 75500.  Promulgated June 28, 1935.

*Earl F. Reed, Esq.*, for the petitioner.
*C. A. Ray, Esq.*, and *G. W. Brooks, Esq.*, for the respondent.

OPINION.

MURDOCK: It will not make any difference in the determination of the deficiency in this particular case whether the item in controversy is taxable to the petitioner as ordinary income or whether it is taxable to him as a dividend. The reason for this is that in no event will any of the petitioner's income be subject to normal tax. The real issue in the case is, therefore, whether or not all, or any part, of

the $21,204.75 is income to the petitioner for the year 1931. If the amount is income to the petitioner either on the theory suggested by the Commissioner or on any other theory, the determination of the Commissioner must be approved. *James P. Gossett*, 22 B. T. A. 1279; affd., 59 Fed. (2d) 365; *Beaumont* v. *Helvering*, 73 Fed. (2d) 110. There is little, if any, dispute between the parties as to the facts.

The Commissioner does not contend that the forgiveness of the indebtedness was compensation for services rendered by the petitioner to Zahniser, nor does he contend that it represents a dividend distributed by Zahniser to the petitioner as one of the stockholders of Zahniser. The fact is that the petitioner was not a stockholder of Zahniser and Zahniser, being insolvent, was in no position to declare an ordinary dividend. Neither was the forgiveness a gift from Zahniser to the petitioner. Cf. *Fitch* v. *Commissioner*, 70 Fed. (2d) 583. If the directors of a corporation attempt to give away its assets, their action is *ultra vires*. *Noel* v. *Parrott*, 15 Fed. (2d) 669; certiorari denied, 273 U. S. 754. The explanation given by James for the resolution which he prepared was:

Well, Mr. Dickson was hopelessly insolvent, and I saw no use in carrying an insolvent account on the books of a liquidating concern, and I said, as we were going to write-off Dickson's indebtedness, I thought at the same time we should write off Mr. Gibson's.

The real reason why Zahniser forgave the indebtedness due it from the petitioner is found in the petitioner's relation to Galvez and the relation of Galvez to Zahnizer. The petitioner owned all of the stock of Galvez, and the amount which Zahnizer owed Galvez was far more than the value of all of the assets of Zahnizer. Galvez alone suffered in exact proportion to the benefit which the petitioner received from the forgiveness. Galvez was the only creditor or stockholder which had any reason to complain of the action of the board of directors of Zahniser in forgiving the indebtedness which the petitioner was fully able to pay. The sum of $21,204.75 had been received by the petitioner and used for his own purposes. The receipt of that sum by him was never reflected in any of his income tax returns. The money represented a loan to him until December 30, 1931, but when his indebtedness was forgiven on December 30, 1931, he was enriched at that time in the amount of $21,204.75. He was solvent. The amount became income to him at that time. Cf. *B. F. Avery & Sons, Inc.*, 26 B. T. A. 1393; petition to review dismissed, 67 Fed. (2d) 985. Then, for the first time, had he reason to report it as income. It seems clear that on one theory or another he became liable for tax on that amount as part of his income for 1931. If this were not so, the circumstances disclose a fairly easy method of avoiding or, at least, of substantially reducing tax liability.

There may be room for differences of opinion as to the precise theory upon which this item is income to the petitioner. The Commissioner's theory is that the amount represents a dividend to the petitioner from Galvez. The parties are agreed that Galvez had sufficient surplus with which to pay a dividend of $21,204.75. The Commissioner was probably incorrect in stating that the forgiveness had the effect of a liquidating dividend or return of capital from Zahniser to Galvez, since it probably should be treated as a partial payment of the debt due from Zahniser to Galvez. Under such circumstances Galvez, as creditor, would come before Galvez, as a stockholder. However, it is not important to decide whether the forgiveness had the effect of a liquidating dividend or whether it had the effect of a partial payment of the debt due from Zahniser to Galvez, since either theory would support the Commissioner's contention that the petitioner in effect received an ordinary dividend from Galvez. It is true that in fact Galvez never declared any dividend to the petitioner in the amount in controversy and took no active part in the matter whatever. However, its silence is important. Its failure to object to the forgiveness of the petitioner's debt by Zahniser is an indication that it consented to have the petitioner benefit in its place. The petitioner argues that since the statute of limitations had run against the major portion of the debt, the forgiveness of that portion did not represent income to him. He cited no authority for his statement that the statute of limitations had run against a portion of the debt. This was an entire active open account. The statute of limitations had not run as to a part of it, as the petitioner contends. Furthermore, even if it had run, it did not extinguish the liability. Cf. *Moses Cohen*, 28 B. T. A. 190. We are unable to say that the Commissioner erred in taxing the $21,204.75 to the petitioner as a dividend to him from his wholly owned corporation, Galvez.

*Decision will be entered for the respondent.*